# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                              )
                                                            ) CR 10-127
                                                            )
   v.

DOMINICK TYREE HOWARD

## MEMORANDUM ORDER

On August 14, 2019, Defendant pleaded guilty to two Counts of violating 18 U.S.C. § 922(g)(1) and one Count of violating 18 U.S.C. 111(a). On April 25, 2011, he was sentenced to a total term of imprisonment of 151 months, followed by a three-year term of supervised release. Per the Bureau of Prisons inmate locator, Defendant is presently housed at USP Beaumont, and his projected release date is April 19, 2023. Defendant filed a pro se Motion seeking compassionate release pursuant to 18 U.S.C. § 3582. The Government has responded, and Defendant's request is ripe for review.

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1] "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)). To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw.

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

1

July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).  Likewise, generalized COVID-19-related risks that apply to all inmates are insufficient to warrant relief. See United States v. Freed, No. 11-00132, 2020 U.S. Dist. LEXIS 170971, at *16 (W.D. Pa. Sep. 18, 2020).

The Government first contends that Defendant has failed to establish that he has exhausted his administrative remedies, as required by applicable law. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  Defendant asserts that he made a request and received a response, but does not attach pertinent documents.  Thus, the Court is unable to conclude that exhaustion requirements have been met. Moreover, the Government states that the Bureau of Prisons counsel has found no record of a compassionate release request by Defendant. On these grounds alone, Defendant's request is subject to denial.

The Court further notes, however, that had Defendant fulfilled exhaustion requirements, his Motion, as filed, would be denied.  Defendant outlines broad medical and mental health issues, which the Court cannot assess under applicable standards, but submits no medical records. The Government, however, has submitted medical records. The record at bar does not establish that Defendant suffers from conditions that constitute "extraordinary and compelling circumstances," whether taken alone or considered alongside his averments about his desire to help his mother-in-law and general COVID concerns. Moreover, the record reflects that Defendant refused a COVID-19 vaccine, which is a pertinent consideration.  United States v. Smith , No. 16-137, 2021 U.S. Dist. LEXIS 120727 (W.D. Pa. June 29, 2021). Absent extraordinary and compelling reasons for release, the Court need not reach the Section 3553 factors at this time.  Defendant's Motion is denied, without prejudice.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

DATED: 12/30/21