**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      )
                                      )
      v.                           )  Criminal No. 10-127
                                      )
DOMINICK TYREE HOWARD      )

**MEMORANDUM ORDER**

On May 29, 2026, at 1:30 p.m., Defendant appeared before Magistrate Judge Kelly for an initial appearance on two pending supervised release violation petitions.  (Docket Nos. 136, 141).  Given the serious nature of the alleged violations, this Court previously entered a no bond order, (*see* Docket No. 137 at 4), thus Defendant remained detained following his initial appearance.

On May 29, 2026, at 3:01 p.m., Defendant filed an Emergency Motion for Temporary Release Pending Hearing, (Docket No. 146), requesting his immediate, temporary release so that he can attend his aunt's funeral on May 30th and care for the children of his girlfriend, who is undergoing emergency brain surgery.  (*Id.*, ¶¶ 3, 13).  Defendant provided no details concerning his aunt's funeral such as the time or location, nor did he provide any details concerning how long it would be necessary for him to care for his girlfriend's children.  As set forth in Defendant's Motion, the Government does not consent to the relief requested by Defendant, but it does not plan to file a written response to the Motion.  (*Id.*, ¶ 12).

Defendant seeks temporary release from custody pursuant to 18 U.S.C. § 3142(i), (*see* Docket No. 146, ¶ 8), which provides as follows:

> The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the

1

> extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Under the Federal Rules of Criminal Procedure, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." Fed. R. Crim. P. 46(a). Therefore, given that Defendant is not a pretrial detainee, but rather has been detained pending supervised release violation proceedings, he is not eligible for release under § 3142(i). *See United States v. Cagle*, No. 3:15-CR-36, 2020 WL 2341415, at *3 (M.D. Pa. May 11, 2020) (observing that § 3142(i) "simply does not apply to a defendant awaiting a supervised released violation hearing"). Rather, "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Rule 32.1(a)(6) provides that a "magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). Section 3143(a)(1) in turn provides that the person "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 32.1(a)(6) (placing burden of proof on the defendant).

While the Court is sympathetic to the circumstances of Defendant's request to attend his aunt's funeral service and assist his girlfriend, he is not entitled to temporary relief under § 3142(i). Defendant will have an opportunity at a detention hearing to be scheduled by further order of court to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released pending further revocation proceedings.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 29th day of May, 2026, IT IS HEREBY ORDERED that Defendant's Emergency Motion for Temporary Release Pending Hearing, (Docket No. 146), is DENIED.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
       United States Probation